## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2020, 8:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph L. Arrington,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

August 31, 2020

Court of Appeals Case No.
20A-CR-766

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D04-1811-F4-89

**Brown, Judge.**

[1] Joseph L. Arrington appeals his sentence for two counts of dealing in cocaine and asserts his sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] On August 22, 2018, Fort Wayne Police Detective John Greenlee worked with a confidential informant to arrange a controlled buy from Arrington. On that day, the confidential informant called Arrington and arranged to purchase cocaine from him at a gas station in Fort Wayne. Detective Greenlee drove the informant, who wore an electronic listening device, to the gas station, where the informant stood in front of the station, smoked a cigarette, and waited for Arrington. Detective Greenlee and other officers set up surveillance. Arrington arrived at the gas station, exited his vehicle, walked toward a sidewalk with the informant, and handed the informant cocaine, and the informant handed him the buy money. The substance was later determined to contain cocaine and to have a net weight of 1.12 grams.

[3] On September 6, 2018, Detective Greenlee and the confidential informant arranged another controlled buy from Arrington. The informant contacted Arrington, and they again agreed to meet at the gas station. Detective Greenlee drove the informant to the gas station. Arrington arrived in a vehicle, the informant exited Detective Greenlee's vehicle, entered the rear seat of Arrington's vehicle, and gave the buy money to Arrington, and Arrington gave him cocaine. The substance was determined to contain cocaine and to have a net weight of 0.39 grams.

[4]     The State charged Arrington with: Count I, dealing in cocaine as a level 4 felony; and Count II, dealing in cocaine as a level 5 felony. A jury found Arrington guilty on both counts. At sentencing, the court found the impact on Arrington's family to be a mitigating factor. It found his criminal history to be a highly aggravating factor, stated his two counts for false informing showed disdain for law enforcement, found his escape from community supervision to be aggravating, noted he had his parole, suspended sentences, and work release placement revoked, and stated that prior attempts at rehabilitation have failed and the facts and circumstances of the case were aggravating. The court sentenced Arrington to twelve years with two years suspended to probation on Count I and five years on Count II and ordered the sentences served concurrently.

*Discussion*

[5]     Arrington claims his sentence is inappropriate in light of the nature of the offenses and his character. He argues that prison serves no rehabilitative purpose and does not provide him with appropriate treatment and that imposition of the advisory sentence and placement in community corrections would be a much more effective and appropriate sentence in addressing his addictions and mental health issues.

[6]     Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade

the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] Ind. Code § 35-50-2-5.5 provides that a person who commits a level 4 felony shall be imprisoned for a fixed term of between two and twelve years with the advisory sentence being six years. Ind. Code § 35-50-2-6 provides that a person who commits a level 5 felony shall be imprisoned for a fixed term of between one and six years with the advisory sentence being three years.

[8] Our review of the nature of the offense reveals that Arrington sold cocaine with a net weight of 1.12 grams to a confidential informant working with law enforcement on August 22, 2018, and sold cocaine with a net weight of 0.39 grams to the confidential informant on September 6, 2018.

[9] Our review of the character of the offender reveals that, according to the presentence investigation report ("PSI"), Arrington stated he received Social Security disability and suffers from breathing problems, hand tension problems, shoulder problems, and panic attacks. He denied having ever been diagnosed with any mental illnesses. With respect to substance abuse, Arrington reported that he began using marijuana at twenty-two years of age, that he used once per month until age forty-one, and that his last use was at age forty-seven. The PSI states that Arrington denied the use of cocaine and all other illegal substances. It states that he indicated he participated in substance abuse treatment while incarcerated in the Indiana Department of Correction in 2000 and at Brown and Associates in Fort Wayne in 2003.

[10] The PSI further reveals that Arrington, who was born in 1966, was given informal adjustments as a juvenile for shoplifting, possession of stolen property, assault and battery, and fleeing a police officer and was adjudicated delinquent for assault and battery, truancy, burglary, gambling, and shoplifting. As an adult, he was convicted of burglary as a class C felony in 1984, robbery as a class C felony in 1985, operating without proof of financial responsibility as a misdemeanor in 1992, burglary as a class C felony in 1993, possession of cocaine or narcotic drug as a class D felony and possession of marijuana, hash oil, or hashish and resisting law enforcement as class A misdemeanors in 2002, false informing and unauthorized absence from home detention as misdemeanors in 2004, escape as a class D felony in 2005, "Never Receive License, Misdemeanor" in 2006, attempted possession of a controlled substance by subterfuge as a class D felony and leaving the scene of an accident as a misdemeanor in 2008, theft as a class D felony in 2011, "Resisting Law Enforcement/Use of Vehicle" as a level 6 felony and false informing as a misdemeanor in 2014, driving while suspended as a class A misdemeanor in 2017, and resisting law enforcement as a class A misdemeanor in 2019. Appellant's Appendix Volume II at 23-24. The PSI states that Arrington has had his parole revoked once, his suspended sentence revoked three times, his work release placement revoked once, his probation revoked twice, his home detention placement modified once, and his home detention placement revoked once. The PSI also provides that Arrington's overall risk assessment score using the Indiana Risk Assessment System places him in the high risk to reoffend category.

After due consideration and in light of his criminal history, we conclude that Arrington has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.

For the foregoing reasons, we affirm Arrington's sentence.

Affirmed.

Robb, J., and Crone, J., concur.